**CLEARY GIACOBBE ALFIERI JACOBS LLC**
169 Ramapo Valley Road
Upper Level 105
Oakland, New Jersey 07436
Tel: 973-845-6700
Fax: 201-644-7601
Scott A. Sears, Esq. (Attorney ID No. 164272015)
Attorneys for Creditor, Travis Roemmele

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>CHRISTINE CRANDON<br>VICTOR CRANDON,<br><br>      Debtors<br><br>TRAVIS ROEMMELE,<br><br>      Plaintiff,<br>v.<br><br>VICTOR CRANDON,<br><br>      Defendant. | Case No.: 16-34616<br>Chapter: 7<br><br>Judge:   John K. Sherwood<br><br><br><br>**AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |

Plaintiff Travis Roemmele ("Plaintiff"), by and through his attorneys, Cleary Giacobbe Alfieri Jacobs, LLC, complains of Defendant Victor Crandon ("Defendant") as follows:

**JURISDICTION**

1. This court has jurisdiction over this proceeding under 28 U.S.C.A. §§ 157 and 1334.

2. Venue of this proceeding is proper under 28 U.S.C.A. §§ 1408 and 1409.

3. This is a core proceeding under 28 U.S.C.A. § 157(b).

**CLAIM FOR RELIEF**

4. Plaintiff is a creditor of Defendant by reason of debts incurred under a Stock Purchase Agreement (the "Agreement"), entered into by the parties on or about May 15, 2013, under which Plaintiff paid Defendant $21,000.00 and received nothing in return.

5. Plaintiff was friendly with Defendant and has known Defendant for many years.

6. Plaintiff had business experience with Vincent Crandon as an investor with his previous employer and, as such, he trusted Defendant.

7. Defendant represented to Plaintiff that he is an experienced investment banker and the managing director of MidOil USA, LLC.

8. In or around 2013, Plaintiff visited Christine Crandon and Defendant at their home for coffee. Defendant informed Plaintiff that he created an entity, 2AC, to bring 2UP Gaming PLC, an Australian based gaming company, to the United States.

9. Defendant used 2AC as his alter ego for conducting his personal business.

10. Defendant induced Plaintiff to invest money with him,

representing that Plaintiff would make his money back and then some. He told Plaintiff that he had 2,000,000 shares of 2UP Gaming PLC, and that he would transfer 42,000 of those shares to Plaintiff within approximately thirty (30) days after investing with Defendant.

11. Under the Agreement, Defendant agreed to provide Plaintiff with 42,000 shares of 2UP Gaming PLC's common stock.

12. Pursuant to Article IV of the Agreement, "2AC shall issue (or cause to be issued) certificates for shares in the name of the Buyer. The certificates shall be issued directly by the corporation's transfer agent within (10) days of settlement."

13. Plaintiff never received any type of regular corporate reports that identify him as a shareholder and delineate the value of his shares in 2UP Gaming PLC.

14. Since the inception of the Agreement, Plaintiff contacted Defendant on several occasions, verbally and in writing, to acquire proof of ownership of his shares so that he can otherwise sell his shares, realize a profit, or calculate a loss, as per the Agreement.

15. Defendant has never provided Plaintiff with adequate proof that he is the owner of 42,000 shares of 2UP Gaming PLC's stock. He received nothing of tangible or marketable value in exchange for his $21,000.00.

16. By correspondence dated May 11, 2015, Plaintiff's counsel demanded the return of Plaintiff's $21,000.00 from Defendant, but he still has not returned Plaintiff's $21,000.00.

17. On or about December 1, 2015, Plaintiff filed a Complaint in the Superior Court of New Jersey, Bergen County, Law Division against Defendant, alleging fraud in the inducement, common law fraud, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, breach of contract, recission, conversion, and unjust enrichment.

18. On or about November 7, 2016, the Court entered Plaintiff's request for an Entry of Default against Defendant.

19. As Plaintiff was preparing his application for Entry of Default, Defendant filed the present petition under Chapter 7 of the Bankruptcy Code, intending to avoid payment of the $21,000.00 by having the debt discharged in bankruptcy.

20. Defendant acknowledges that he committed fraud and is liable to Plaintiff by including Plaintiff as a creditor in his Petition for Bankruptcy.

21. Thus, for the reasons set forth herein, Plaintiff's claim is nondischargeable under 11 U.S.C.A. § 523(a)(2)(A).

WHEREFORE, Plaintiff prays for:

    a. A determination that the indebtedness of Defendant to Plaintiff is nondischargeable;

    b. Judgment against Defendant for such indebtedness;

    c. Interest, attorney's fees, and costs; and

    d. Such other and further relief as is just and proper.

```
                              CLEARY GIACOBBE ALFIERI JACOBS LLC
                              Attorneys for Plaintiff, Travis Roemmele


                              By: /s/ Scott A. Sears
Dated: March 21, 2017              Scott A. Sears
```